BAYRON, APPELLANT, v. REGISTRAR OF MAYAGÜEZ, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed of Segregation and Sale with Curable Defect.

No. 317.—Decided July 9, 1917.

SEGREGATION AND SALE—IDENTITY OF PROPERTY—RECORD OF TITLE—CURABLE DEFECT.—The fact that it is stated in the instrument presented to the registrar for record that the principal property from which the lot sold was segregated is recorded in the name of the vendor at a certain page, volume and number when the property is recorded in the name of the vendor but at a different page, volume and number, is not an error which affects the validity of the title nor a curable defect. The said error was explained by other data appearing in the instrument and in the registry which permitted the identification of the property without difficulty.

The facts are stated in the opinion.
*Mr. José Sabater* for the appellant.
The respondent appeared *pro se.*
MR. JUSTICE DEL TORO delivered the opinion of the court.

By a public instrument in which her husband joined, Elena Trabal sold to Manuel de la Cruz Bayron a lot which is duly described. It having been presented in the registry, the registrar recorded the same with the "curable defect that the instrument recited that the main property from which the lot sold is segregated is recorded in the name of the vendor on page 56 of volume 121 of this city, property No. 4723, record 1, which is not true, as the said main property is recorded on page 166 of volume 122 of this municipality, property No. 4756, record 1."

The vendee, who raises this appeal, admits that the error assigned by the registrar appears in the instrument, but claims that such error does not constitute a curable defect.

The papers show that there was recorded in the registry a property from which a parcel of four *cuerdas* was segregated and sold to Elena Trabal; that the sale of the four *cuerdas* was also recorded in the registry; that later Elena Trabal segregated from her parcel of four *cuerdas* a lot which she sold to Bayron; that in referring in the deed of sale of the lot to the record of the property from which it was segregated the numbers corresponding to the property from which the parcel of four *cuerdas* was segregated were given and not the numbers corresponding to the parcel of four *cuerdas*; that upon presenting the deed of sale of the lot for record in the registry the said error was noted, but as the property sold was fully identified by the other particulars recited in the deed, the registrar decided to record it in the manner stated.

Article 65 of the Mortgage Law provides that "Curable defects shall be those which affect the validity of the instrument without necessarily producing the nullity of the obligation therein constituted."

Does the error committed in this case affect the validity of the instrument? In no way, we think. A simple error is involved which was corrected by the record itself. Nothing is lacking to show the absolute conveyance of the property sold by the vendor to the vendee. No injury can accrue to a subsequent purchaser.

The registrar should have noted the error in some way, but having done this, he could not assign the existence of a curable defect, because if such defect existed it was cured by the very act of the registrar whose decision is appealed from.

The decision is reversed as to the curable defect.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.